## Case No. 5,171.

### GAGER v. HARRISON.

[9 Chi. Leg. News, 377.]

Circuit Court, D. Oregon. July 23, 1877.

Charles Upton, for plaintiff.
Walter W. Thayer, for defendant.

DEADY, District Judge. This motion is made on the grounds that the allegations asked to be stricken out are "sham, frivolous and irrelevant." So far as the· first ground is concerned the motion is certainly not well taken and the last two may be considered as one. The first two allegations included in the motion are denials of allegations in the complaint—one, a denial of the alleged citizenship of the plaintiff, and the other of the value of the portion of the premises alleged to belong to the plaintiff.

An answer may always contain a denial of a material allegation in the complaint, and must do so if the defendant intends to controvert it. Civ. Code Or. § 71. But the subsequent denials and defenses in the answer are a waiver of the denial of the alleged ·citizenship of the plaintiff, as that matter must be plead in abatement, and not to or with the merits. If so it becomes frivolous and may be stricken out. Susquehanna & W. V. Railroad & Coal Co. v. Blatchford, 11 Wall. [78 U. S.] 177; Wythe v. Myers [Case No. 18,119]. The objection to the second denial is that it is ambiguous, as it includes in the same terms the denial of the value and plaintiff's ownership of the premises in question. But the answer to this is, that the denial is on a par in this respect with the allegation denied. Besides ambiguity is not a cause for striking out. The motion is allowed as to the first of these allegations, and denied as to the second.

The plea of ownership in the defendant is next asked to be stricken out, because it only alleges that he is the owner in fee of the premises, without saying in severalty, and therefore it does not appear but that he is only the owner of the undivided three fourths thereof not claimed by the plaintiff in this action. If this criticism of the plea is just, it only shows that it is uncertain, and the remedy for that is a motion to make certain and not to strike out. Civ. Code Or. § 84.

The remainder of the motion is aimed at the third defense, the same being a plea of estoppel The action is brought to recover an undivided one-fourth of certain premises alleged to be wrongfully withheld from the plaintiff by the defendant. This defense states that the plaintiff is the successor in interest of Nancy Northrup, the widow of John L. Northrup, and that the premises are a part of his donation claim, which, in 1863, and after the decease of said John L., were partitioned by the county court of Washington county among the children and certain.grandchildren of said John L., as his heirs, and the said Nancy as his widow, upon the theory that she was only entitled to dower therein, and that the defendant is the successor in interest of said heirs. The facts do not constitute an estoppel. It is not alleged in the plea that the widow, at the time of the partition, was aware that she was entitled to an equal share of her husband's donation with his three children, or that any admission she may have made by her declarations or conduct in the partition proceeding were made with intent to deceive, or culpable neglect, or that the defendant or his grantors were deceived or misled by them, or that he or they had not the same knowledge and means of knowledge as to the interest of the widow in her husband's donation and the correctness and validity of said partition as any one. Davis v. Davis, 26 Cal. 40. The plea is therefore certainly frivolous, and must be stricken out. If the facts, or any of them, tend to show title in the defendant, they may be used as evidence in support of the plea to that effect.